IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dena M. Miller, ) | C/A No. 0:10-1548-TMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Dena M. Miller ("Miller"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed.

## ADMINISTRATIVE PROCEEDINGS

    In August 2005, Miller applied for DIB, alleging disability beginning October 31, 2004. Miller's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on July 21, 2008, at which Miller, who was represented by Nowell S. Lesser, Esquire, appeared and testified. The ALJ issued a decision on September 30, 2008 denying benefits and concluding that Miller was not disabled. (Tr. 13-21.)

Miller was forty-nine years old at the time of her alleged disability onset date. (Tr. 73.) She has two years of college education and past relevant work experience as a small business consultant, school office assistant, and property manager. (Tr. 25-26, 73, 105, 110.) Miller alleges disability since October 31, 2004 due to systemic lupus erythematosus/discoid lupus. (Tr. 104.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.

2. The claimant has engaged in substantial gainful activity since October 31, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).
    * * *
3. The claimant has the following severe impairments:  lupus, nephritis, headaches (20 CFR 404.1520(c)).
    * * *
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
    * * *
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to sit, stand, and walk six hours each in an eight-hour workday, to frequently lift and carry 10 pounds with a heaviest weight lifted occasionally of 20 pounds, [and] to frequently bend and stoop.
    * * *
6. The claimant is capable of performing past relevant work as a small business specialist/consultant, (involving selling internet services/phone system pagers, which reportedly involved sitting eight hours and walking one hour with no standing or lifting); as an office assistant at a school (which reportedly involved sitting five hours, standing/walking two hours, and lifting less than ten pounds); and as a property manager (which reportedly involved sitting two hours with standing/walking the remaining time, and lifting 20 pounds occasionally).  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
    * * *
7. The claimant has not been under a disability, as defined in the Social Security Act, from October 31, 2004 through the date of this decision (20 CFR 404.1520(f)).

(Tr. 15-21.) On April 21, 2010, the Appeals Council denied Miller's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

> (1)   whether the claimant is engaged in substantial gainful activity;
>
> (2)   whether the claimant has a "severe" impairment;
>
> (3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;
>
> (4)   whether the claimant can perform [her] past relevant work; and
>
> (5)   whether the claimant's impairments prevent [her] from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner



must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



## ISSUES

Miller raises the following issues for judicial review:

I.   The Administrative Law Judge (ALJ) erred in finding that Plaintiff has engaged in substantial activity (SGA) since her alleged onset date of October 31, 2004.

II.  The ALJ erred by not considering whether the work performed by Plaintiff after October 31, 2004 was done under "special conditions" as defined by 20 CFR § 404.1573.

III. The ALJ erred in her findings regarding Plaintiff's residual functional capacity.

IV.  The ALJ failed to give proper weight to the opinions of Plaintiff's treating and examining physicians regarding the nature and severity of her impairments.

V.   The ALJ erred in finding that Plaintiff is capable of performing her past relevant work as a small business specialist[]/consultant, an[] office assistan[t] at a school, and a property manager.

VI.  The ALJ erred in failing to consider all relevant evidence of record in determining whether Plaintiff is disabled as required by 20 CFR § 404.1527.

VII. The ALJ's decision is not supported by competent substantial evidence.

(Pl.'s Br., ECF No. 20.)

## DISCUSSION

**A.    Substantial Gainful Activity**

The ALJ found that Miller had "engaged in substantial gainful activity in all months of 2006, except for February, July, and August 2006; in all months of 2007, except for February, April, and June 2007; and from January 2008 through at least July 3, 2008 (latest employment records of record)." (Tr. 15.) Miller argues that this finding was in error and that the ALJ failed to consider how well Miller was performing her work activity in accordance with 20 C.F.R. § 404.1573.

The regulations provide a presumption that if an individual is earning at or above the substantial gainful activity dollar amount, such work would "ordinarily show that [she has] engaged in substantial gainful activity." 20 C.F.R. § 404.1574. This presumption is rebuttable. See Payne v. Sullivan, 946 F.2d 1081, 1083 (4th Cir. 1991). Section 404.1573 requires an ALJ to consider other factors such as the nature of her work, how well she performs her work, if her work is done under special conditions, if she is self-employed, and the time spent in work. 20 C.F.R. § 404.1573; see also Payne, 946 F.2d at 1083 (stating that factors for consideration include "the nature of his work and his ability to do that work, including his endurance, his capacity to perform various physical functions, and his work schedule"). The social security regulations provide claimants with examples of special conditions, including but not limited to situations in which:

(1) You required and received special assistance from other employees in performing your work;
(2) You were allowed to work irregular hours or take frequent rest periods;
(3) You were provided with special equipment or were assigned work especially suited to your impairment;
(4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;
(5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or
(6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

20 C.F.R. § 404.1573.

Miller argues that the ALJ erred in failing to consider whether her work was performed under special conditions such that it should not have been considered substantial gainful activity. In support of her position, Miller relies on her testimony and the letters submitted by her supervisor and two of her co-workers.



Miller testified that she began working at The Harley Shop in late 2005 and currently works there. She stated that at the time she was hired she informed her employer of her medical problems. (Tr. 28-32.) At the time of the hearing, Miller testified that she was working four days per week totaling approximately thirty to thirty-two hours per week. With regard to limitations in performing her work, Miller testified that both her current and former managers allowed her to sit down and rest when she was not feeling well and that she usually took at least two unscheduled breaks daily lasting fifteen to twenty minutes due to hot flashes, weakness, lightheadedness, nausea, and vomiting. (Tr. 30-31; 35-36.) She further testified that she had to leave work early or was sent home several times a month due to her medical condition. (Tr. 31-32.) Miller stated that her manager arranged her schedule so that she would have two days off work in a row to allow her as much time as possible to rest and recuperate between the days she worked. (Tr. 38- 39.)

Further, letters from Miller's supervisor, Jennifer Watkins, and her two co-workers, Aimee Sharpe and Amanda Ludlum, are consistent with her testimony.[1] (Tr. 160-162.) For example, by letter dated July 1, 2008, Watkins indicated that she

> witnessed on numerous occasions Dena sweating profusely, followed by vomiting and at times completely passing out. Dena requires a time out to recoup and returns to her work after these bouts pass. They have become a daily occurrence. Her knee's [sic] swell to the point of making standing let alone walking difficult. Dena is more often than not unable to perform her duties and requires breaks through out the day as needed to accommodate her illness.

(Tr. 160.) Watkins also indicated that other employees perform Miller's job when she is incapacitated to enable Miller to maintain her position at The Harley Shop and that her illness and

---

[1] It is unclear whether these letters were considered by the ALJ as they are not mentioned in the ALJ's decision.



medication have "tremendously diminished" her mental capacity during the past year and a half that they have worked together. (Id.)

Miller's counsel specifically argued to the ALJ that her work during this time constituted a "shelter type arrangement." (Tr. 24.) Nonetheless, the ALJ's opinion does not indicate that she considered whether Miller was working under special conditions when she found that Miller engaged in substantial gainful activity during most of 2006 through 2008. Nor does her opinion include any mention of the requirements in 20 C.F.R. § 404.1573 or of the letters submitted by Miller's supervisor and co-workers. Based on the foregoing, the court is unable to conclude whether the ALJ's decision is supported by substantial evidence and reached through the correct legal standard. Accordingly, the court is constrained to recommend remanding this matter for further consideration of this issue. Additionally, the court cannot say that the absence of this discussion was harmless error as it appears that the ALJ relied in part on the fact that Miller "has worked in nearly a full-time job" in discounting the opinions from a treating physician and a consulting physician, as well as in discounting Miller's credibility. (Tr. 19; see also Tr. 20.)

**B.     Other Issues**

Reconsideration of the above issue may affect the ALJ's determination as to the subsequent steps of the sequential evaluation. Therefore, in light of the court's recommendation that this matter be remanded for further consideration, the court need not address Miller's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).



**RECOMMENDATION**

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 24, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).