IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dena M. Miller, | ) | |
| | ) | C/A No. 0:10-1548-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Carolyn W. Colvin,[1] | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). The Plaintiff seeks an award of attorney's fees in the amount of $6,589.50.   The Commissioner has filed a response informing the court that she does not object to Plaintiff's motion for fees.

      Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808   (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id*.

      Pursuant to a contingency fee agreement with Plaintiff, Plaintiff agreed to pay counsel twenty-five percent of any past due benefits which were awarded.   Plaintiff received a favorable decision from the Social Security Administration and was awarded past due benefits of $72,363.00.   Twenty-five percent of the past due award is $18,090.75.   Counsel has previously

---

[1]Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P.25(d), Colvin should be substituted for Michael J. Astrue as the Defendant in this action.

been awarded $5,501.25 under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (ECF No. 42).[2] Further, counsel apparently has already received $6,000 for administrative level attorney's fees. (ECF 44-2). Counsel seeks an additional $6,589.25 in attorney's fees for a total of $18,090.25.

Based upon a review of the petition and these factors, the court finds that the total attorney's fee award does not exceed twenty-five percent (25%) of past-due benefits and is not unreasonable. Such a fee is reasonable given that counsel expended 37.50 hours working on this matter at the court level. *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D.Va. 2003).

As noted above, Plaintiff was awarded $72,363.00 in back benefits and, twenty-five percent is $18,090.75, which the court has determined is reasonable. Counsel has already received an award of $6,000 for administrative work and an award under the EAJA of $5,501. (ECF No. 42). An award of fees under § 406(b) is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the government. Where attorneys' fees are awarded under both provisions, as in this case, the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award. In such a case, an attorney is not allowed a double recovery in that the attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht*, 535 U .S. at 796 (quoting Act of Aug. 5, 1985, Pub.L. No. 99–80, § 3, 1985

---

[2] In what looks to be a mere typographic error, as the remainder of counsel's calculations are accurate, counsel incorrectly states he was awarded $5,001.25 under the EAJA. (ECF No. 44 at 1).

U.S.C.C.A.N. (99 Stat.) 186). Apparently recognizing this obligation, counsel simply deducts the amount of his EAJA fee from his fee request. However, other circuits have expressed disapproval of this practice. *See, e.g., McGraw v. Barnhart*, 450 F.3d493, 497 n.2 (10th Cir. 2006). Therefore, the court orders counsel to refund the smaller of the two fees to Plaintiff.

Based on the foregoing, Plaintiff's motion for attorney's fees is granted and Plaintiff is awarded $12,090.50 in attorney's fees pursuant to 42 U.S.C. § 406(b). The court directs counsel to refund to Plaintiff the amount of attorney's fees received under the EAJA ($5,501.25) within seven calendar days of receipt of this award. *See Gisbrecht*, *Id.* at 796. The court declines Plaintiff's request to order the Commissioner to certify and execute payment of these attorney's fees within sixty (60) days.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

August 22, 2013
Anderson, South Carolina

3